UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE E. MATTHEWS, ) | |
| ) | |
|       Plaintiff, ) | Civil No. EDCV 04-00810 (Mc) |
| ) | |
| v. ) | MEMORANDUM OF DECISION |
| ) | AND ORDER IN A |
| JO ANNE B. BARNHART, ) | SOCIAL SECURITY CASE |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
|       Defendant. ) | |

The plaintiff, Prince E. Matthews, filed the present action for review of a final determination of the Commissioner of Social Security (the "Commissioner"). For the reasons set forth below, the court finds that the decision of the Commissioner is supported by substantial evidence.  The matter, therefore is affirmed.

## BACKGROUND

The plaintiff filed an application for Supplemental Security Income (SSI) disability benefits under the Social Security Act (the "Act") on March 18, 2002.  [Administrative Record ("AR") 61, 229.] The Commissioner denied the application initially and on reconsideration.  [AR 18, 24.]  At the plaintiff's request,

administrative hearings were held before Administrative Law Judge Helen E. Hesse (the "ALJ") on May 19, 2003 and September 10, 2003. [AR 227, 265.] On October 27, 2003, the ALJ filed a decision concluding that the plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. [AR 10.] Thereafter, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. [AR 3.] The decision of the ALJ stands as the final decision of the Commissioner.

Thereafter, the plaintiff filed the present action. The plaintiff and the Commissioner have consented to proceed before a United States Magistrate Judge. The parties have entered into a Joint Stipulation setting forth their arguments.

**STANDARDS OF REVIEW**

The court must sustain the findings of the Commissioner unless: (a) they are not supported by substantial evidence in the record as a whole; or (b) the Commissioner applied an improper legal standard. See 42 U.S.C. § 405(g); Gordon v. Secretary of Health and Human Services, 803 F.2d 1071, 1072 (9th Cir. 1986). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988). "Substantial evidence" is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. at 402; Gordon v. Secretary of Health and Human Services, 803 F.2d at 1072.

This court must review the record as a whole and consider adverse as well as supporting evidence. See Green v. Heckler, 803 F.2d 528, 529-530 (9th Cir. 1986). Where evidence is susceptible of more than

one rational interpretation, the court must sustain the Commissioner's decision. See <u>Gallant v Heckler</u>, 753 F.2d 1450, 1453 (9th Cir. 1984).

## **THE FIVE-STEP SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, the Commissioner determines whether the person is engaged in "substantial gainful activity." If so, the Commissioner denies disability benefits. Second, if the person is not so engaged, the Commissioner determines whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, the Commissioner denies benefits. Third, if the person has a severe impairment, the Commissioner determines whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the Commissioner conclusively presumes that the person is disabled. Fourth, if the impairment does not meet or equal one of the "listed impairments," the Commissioner determines whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, the Commissioner denies benefits. Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to disability benefits only if he is unable to perform other work. See 20 C.F.R. § 404.1520; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

## **FINDINGS OF THE ALJ**

The plaintiff was born on September 14, 1965. [AR 230.] The plaintiff has a high school education. [AR 69.] The plaintiff has

past work experience as a construction laborer and busboy/dishwasher. [AR 64.]  The plaintiff alleges that he is unable to work because of constriction to the blood vessels in the left side of his head, depression and mental illness.  [AR 63.]

The ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability.  [AR 11, 14.] The ALJ found that the medical evidence established that the plaintiff had an affective disorder and a personality disorder which were severe impairments.  [AR 11.]  The ALJ concluded that the plaintiff did not have an impairment or combination of impairments listed, or medically equal to one listed in the Act's listing of impairments[1].  [AR 11, 14.]  See 20 C.F.R. Pt. 404, Subpt. P, [The petitioner]. 1.

The ALJ found that the plaintiff had no physical restrictions. [AR 14.]  The ALJ found that the petitioner had "none-to-mild limitations in maintaining social functioning."  [AR 14.]

The ALJ found that the plaintiff could perform his past relevant work as a construction laborer and busboy/dishwasher.  [AR 14.]  The ALJ concluded that the plaintiff was not under a disability, as defined by the Social Security Act, at any time through the date of the decision.  [AR 14.]

## THE PLAINTIFF'S CONTENTIONS

1. The plaintiff contends that the ALJ failed properly to develop the record.  [Joint Stipulation, p. 3.]

2. The plaintiff contends that the ALJ failed to give proper weight to the treating physician's opinions.  [Joint Stipulation, p. 6.]

---

[1]   The Act's listing of impairments sets forth certain impairments which are presumed to be of sufficient severity to prevent the performance of work.  20 C.F.R. § 416.925(a).

**DISCUSSION**

**Development of the Record**

The plaintiff contends that the ALJ failed properly to develop the record. [Joint Stipulation, p. 3.] It appears that, in an earlier action, the plaintiff was found disabled by an Administrative Law Judge on June 1, 1997. [AR 10.] However, the plaintiff's benefits were later terminated on August 1, 2001 due to incarceration. [AR 10; Joint Stipulation, p. 3.] The plaintiff contends that the earlier decision was relevant to the present case and the present ALJ improperly failed to obtain the decision in the earlier case. [Joint Stipulation, p. 4.]

An ALJ has a duty fully and fairly to develop the record only when the evidence is ambiguous or "the record is inadequate" to allow for proper evaluation of the evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

Here, the plaintiff filed his application for Social Security Income Disability benefits on March 18, 2002. [AR 61, 229.] The ALJ issued his decision denying benefits on October 27, 2003. [AR 10-15.] Accordingly, the relevant period of time here is that beginning on March 18, 2002 and ending on October 27, 2003. The plaintiff has failed to show that the June 1, 1997 decision, which was issued more than four years and eight months before the plaintiff filed his application for benefits here, is relevant to the present case. The plaintiff has also failed to show that record here is ambiguous or inadequate to allow for proper evaluation of the evidence.

The record here included, inter alia, the petitioner's hearing testimony, the plaintiff's application for benefits and daily

5

activities questionnaire, a comprehensive psychiatric evaluation from a consulting physician, and treatment notes from various providers. The record here is not ambiguous or inadequate to allow for proper evaluation of the evidence. The ALJ did not fail properly to develop the record.[2]

**Weight Given to the Opinion of Dr. Khin**

The plaintiff contends that the ALJ failed to give proper weight to the opinion of his treating physician. [Joint Stipulation, p. 6.] The plaintiff alleges that Henry Khin, M.D., is his treating physician. [Joint Stipulation, p. 6.] Dr. Khin assessed the plaintiff to have a Global Assessment of Functioning ("GAF") score of 48. [AR 217.] A GAF score of 41 to 50 indicates serious symptoms or any serious impairment in social, occupational, or school functioning. [Joint Stipulation, p. 6-7 (citing Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994) ("DSM-IV"), p. 32).]

The ALJ discussed the opinions of Dr. Khin. [AR 13.] The ALJ noted that progress notes indicated that the plaintiff was "fairly compliant with his medication, and that he denied suicidal ideation, homicidal ideation, hallucinations, or delusions. The claimant consistently presented with euthymic mood, good eye contact, and normal speech, and denied any depression or sadness." [AR 13.] The ALJ accurately summarized progress notes signed by Dr. Khin. [AR 212-215, 221, 224.] The ALJ noted that Dr. Khin diagnosed the plaintiff

\\\

---

[2] The court also notes that the plaintiff is not entitled to a presumption of disability based upon the June 1, 1997 decision finding that the plaintiff was disabled. See Warren v. Bowen, 804 F.2d 1120, 1121 (9th Cir. 1986) (no presumption of disability based upon prior finding of disability where benefits based upon prior finding were terminated for non-medical reasons more than one year before new application).

to have "psychotic disorder, NOS [not otherwise specified]" but did not refer to Dr. Khin's GAF assessment of 48. [AR 13.]

The ALJ also discussed the opinions of Joseph Malancharuvil, Ph.D., a non-treating, non-examining psychologist, who testified at the petitioner's administrative hearing. [AR 12, 49.] Dr. Malancharuvil testified that he had heard the plaintiff's hearing testimony and reviewed the plaintiff's medical records. [AR 251.] Dr. Malancharuvil opined that the plaintiff suffered from a personality disorder with anti-social features and reactive situational depression. [AR 252-253.] Dr. Malancharuvil also testified that an examining physician suggested strong indications that the plaintiff was malingering. [AR 253.] Dr. Malancharuvil opined that the plaintiff experienced no restrictions of activities of daily living, and mild, if any, difficulties maintaining social functioning. [AR 253.] The ALJ adopted the opinions of Dr. Malancharuvil. [AR 12.]

The ALJ also discussed the opinions of Chun Che Lai, M.D. [AR 13.] Dr. Lai conducted a consultative examination of the plaintiff on May 25, 2002. [AR 191.] The plaintiff indicated that his concentration, persistence, and pace were all preserved. [AR 192.] Dr. Lai diagnosed the plaintiff to suffer from "depressive disorder, not otherwise specified, resolved" and assessed the plaintiff's GAF as 65. [AR 193-194.] Dr. Lai also noted that the plaintiff tried to manipulate the evaluation and indicated that the plaintiff could be malingering. [AR 193, 194.] Dr. Lai opined that the plaintiff had no impairment of functioning. [AR 194.] Dr. Lai opined that the plaintiff had "the ability to perform simple repetitive tasks and detailed complex tasks. He can accept instructions from supervisors

7

and interact with coworkers and the public . . . . He is able to perform work activities on a consistent basis. . . . He has the ability to maintain attendance in the workplace and complete a normal workday or workweek without interruptions from his psychiatric condition." [AR 194.] The ALJ stated that he gave "greater weight" to the opinions of Dr. Lai. [AR 13.]

The ALJ concluded that the plaintiff had no physical restrictions, and that his mental limitations were "nonexistent-to-mild" and did not limit the plaintiff's ability to function in a work setting, as outlined by Dr. Malancharuvil. [AR 13.]

A treating physician's opinion is entitled to greater weight than that of an examining physician. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)); Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d at 751 (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. § 416.927 (1994).

The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d at 751). A medical opinion is considered uncontroverted if all the underlying medical findings in the record of plaintiff's impairments are similar. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). To reject the uncontroverted opinion of a claimant's physician, the ALJ must present

clear and convincing reasons for doing so. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d at 751); Montijo v. Secretary of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984). Even if the treating physician's opinion is contradicted, the Commissioner may not reject the opinion without providing "specific and legitimate reasons" for doing so which are supported by substantial evidence. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).

Where the treating physician's opinion is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence on which the ALJ may rely. Andrews v. Shalala, 53 F.3d at 1041.

Here, the opinion of Dr. Khin was contradicted by the opinions of Dr. Lai, an examining physician, and Dr. Malancharuvil, a non-examining psychologist. As noted above, the ALJ gave "greater weight" to the opinions of Dr. Lai. [AR 13.] Dr. Lai's opinions were based upon Dr. Lai's own independent clinical findings from his May 25, 2002 psychiatric evaluation of the plaintiff. [AR 191 et seq.] The ALJ properly relied on the opinion of Dr. Lai. See id. The ALJ properly rejected the opinions of Dr. Khin.[3]

---

[3] The court notes that the ALJ did not specify a reason for rejecting the GAF score assessed by Dr. Khin, however, the ALJ had no obligation to do so. See, e.g., Howard v. Commissioner of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002) (finding that ALJ did not err by failing to reference claimant's GAF scores). Social Security regulations and case law do not require an ALJ to determine the extent of an individual's disability based solely on her his or her GAF score. Thus, the ALJ did not err in his consideration of Dr. Khin's opinion. See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (ALJ need only explain why "significant probative evidence has been rejected").

9

**CONCLUSION**

After careful consideration of the pleadings, the transcript of the record, and in accordance with the foregoing discussion, the magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner has applied proper legal standards.

**ORDER**

IT IS ORDERED that Judgment be entered in favor of the Commissioner and against the plaintiff.

Dated: December 22, 2005

/s/
JAMES W. McMAHON
United States Magistrate Judge